MARY JO O'NEILL  AZ Bar No. 005924
P. DAVID LOPEZ  DC Bar No. 426463
LUCILA G. ROSAS CA Bar No. 187345
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5016
e-mail:   mary.oneill@eeoc.gov
         patrick.lopez@eeoc.gov
         lucila.rosas@eeoc.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Creative Networks L.L.C., an Arizona corporation, | ) ) ) ) |
| Defendant. | |

**COMPLAINT AND**
**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Rochelle Duran ("Ms. Duran") and a class of similarly situated individuals who were adversely affected by such practices.  Ms. Duran has Sensorineural hearing loss and is hearing impaired. Despite this disability, Ms. Duran seeks to be a productive member of society, which includes

working.  As alleged with greater particularity below, the Commission alleges Defendant Creative Networks L.L.C. ("Defendant" or "Creative Networks") discriminated against Ms. Duran and a class of similarly situated, disabled individuals, because of their disability, hearing impairment, by failing to provide a reasonable accommodation during pre-employment training and pre-employment orientation, and thereby failing to hire them and discriminating against them, based on their disabilities, during the hiring process in violation of Section 102 of the ADA, 42 U.S.C. §12112(a).   Additionally, Defendant maintained a policy that is a per se violation of the ADA and has the impact of not hiring or excluding hearing impaired applicants.

## **JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

## **PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the

administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant Creative Networks has continuously been an Arizona corporation doing business in the State of Arizona and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Creative Networks has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

### STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Ms. Duran filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Creative Networks.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Ms. Duran is hearing impaired and is substantially limited in one or more major life activities, including but not limited to the major life activity of hearing.  Ms. Duran is a person with a disability as defined by the ADA.

9.     On or about April 2005, Ms. Duran applied for a Caregiver, Caretaker, and/or Direct Support Professional position with Defendant Creative Networks.

10.     Ms. Duran was capable of performing the essential functions of the Caregiver, Caretaker and/or Direct Support Professional  position with or without reasonable accommodation

11.     Since at least 2005, Defendant has required that job applicants for Caregiver, Caretaker and/or Direct Support Professionals, including Ms. Duran, to complete 24 or more hours of pre-employment orientation and training.

12.     Since at least 2005, Defendant Creative Networks has had a policy or practice of denying accommodations costing greater than $200 for interpreting services for hearing impaired applicants to complete pre-employment orientation and training.

13.     Since at least  2005, Defendant Creative Networks has engaged in unlawful employment practices at its , Arizona facility, in violation of Section 102 of Title I and in violation of Title V of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5).  These unlawful employment practices include but are not limited to the following:

A.     Failure to reasonably accommodate and failure to hire Ms. Duran and the class because of Respondent's rigid policy or practice of limiting accommodations to $200.

B.     Failure to hire Ms. Duran and a class of similarly situated individuals because of their disability, hearing impairment

C.     Maintaining a policy that is a per se violation of the ADA and has the impact of not hiring or excluding hearing impaired applicants.

14. The effect of the policies and practices complained of in paragraph 13 (A)-(C) above has been to deprive Ms. Duran and a class of similarly situated individuals of equal employment opportunities and otherwise preventing or adversely affecting their ability to be hired, because of their disability.

15. The unlawful employment practices complained of in paragraph 13 (A)-(C) above were and are intentional.

16. The unlawful employment practices complained of in paragraph 13 (A)-(C) above were and are done with malice or with reckless indifference to the federally protected rights of Ms. Duran and a class of similarly situated individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Creative Networks, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendant Creative Networks to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Creative Networks to make whole Ms. Duran and a class of similarly situated individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to rightful place instatement of Ms. Duran or, in the alternative, frontpay.

D.      Order Defendant Creative Networks to make whole Ms. Duran and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 (A)-(C) above, including medical expenses not covered by Creative Network's employee benefit plan, in amounts to be determined at trial.

E.      Order Defendant Creative Networks to make whole Ms. Duran and a class of similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 13 (A)-(C)  above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Creative Networks to pay Ms. Duran and a class of similarly situated individuals punitive damages for its malicious and reckless conduct, as described in paragraph 13 (A)-(C) above, in amounts to be determined at trial.

G.      Grant such further relief as this Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 28th day of September, 2009.

JAMES L. LEE
Acting General  Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC  20507 0004

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney
 s/ P. David Lopez
P. DAVID LOPEZ
Supervisory Trial Attorney

 s/Lucila G. Rosas
LUCILA G. ROSAS
TrialAttorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 North Central Ave., Suite 690
Phoenix, Arizona  85012-2504
Attorneys for Plaintiff