IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) )  Case No.: CV 09-02023-PHX-DAE |
| Plaintiff, | ) ) )  **CONSENT DECREE** |
| vs. | ) ) |
| Creative Networks, L.L.C., an Arizona L.L.C., | ) ) ) |
| Defendants. | ) ) ) ) ) |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Creative Networks, Inc., an Arizona L.L.C., to enforce Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq., as amended ("the ADA"). In the Complaint, the Commission alleged that Defendant discriminated against Rochelle Duran (Ms. Duran) because of her disability, by failing to provide a reasonable accommodation during pre-employment training and pre-employment orientation, and thereby failing to hire her and

-1-

discriminating against her, based on her disabilities, during the hiring process in violation of Section 102 of the ADA, 42 U.S.C. §12112(a).  The Commission further alleged, *inter alia,* that Defendant had a rigid policy or practice of limiting accommodations to $200 for 24 hours of required training, which is a per se violation of the ADA and had the impact of not hiring or excluding hearing impaired applicants.

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a jury trial and the entry of findings of fact and conclusions of law.

It is hereby ORDERED, ADJUDGED AND DECREED:

1.     This Decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest and injunctive relief, arising out of the issues in this lawsuit.

## INJUNCTION

2.     Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from (1) engaging in any employment practice which unlawfully discriminates against an applicant covered under the Americans with Disabilities Act, as amended, on the basis of disability and from (2) retaliating against any applicant because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADA; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of disability discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the federal laws prohibiting disability

discrimination or retaliation.

## MONETARY RELIEF

3.     Judgment is entered in favor of the Commission and against Creative Networks in the amount of $57,500.00.  Defendant shall pay a gross sum of $57,500.00 to Ms. Duran.  This gross sum includes $14,375.00 in settlement of backpay and $43,125.00 in settlement of compensatory damages.  The gross sum provided to Ms. Duran shall be paid no later than fourteen days from the Court's entry of the Consent Decree.  Defendant shall pay each the amount specified by the Commission and send it to Ms. Duran at the address supplied by the EEOC. Within three business days of the issuance of the payment, Defendant shall submit a copy of the payment instrument and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

4.     Defendant shall not condition the receipt of individual relief on Ms. Duran's agreement to (a) maintain as confidential the terms of this decree or the factual allegations giving rise to the charge of discrimination, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant.

5.     Defendant shall pay all payroll taxes it owes on the $14,375.00 in back wages for the tax year during which payment is made.  Defendant will be responsible for paying the employer's share of FUTA and FICA taxes and the amount shall not be taken from the settlement amount.  Defendant will issue Ms. Duran a W-2 for the back wage

amount. Ms. Duran will provide Defendant with a W-4, W-9, and an A-4, within three days of the entry of the Consent Decree, and Defendant will calculate any payroll taxes owed by Ms. Duran based on the W-4, W-9, and A-4 provided by Ms. Duran. Defendant shall make no deductions from the $43,125.00 amount set forth as compensatory damages. Defendant shall issue a United States Internal Revenue Service Form 1099 to Ms. Duran for the remaining $43,125.00 of the gross sum for the tax year during which payment is made.

## OTHER RELIEF

6.      Defendant shall expunge from Ms. Duran's file: (a) all references to the charge of discrimination filed against Defendant that formed the basis of this action; (b) all references to Ms. Duran's participation in this action; and (c) any documents which relate to complaints by Ms. Duran or investigation of Ms. Duran's complaints of unlawful discrimination on the basis of disability.

7.      Defendant shall institute and carry out policies and practices that help assure a work environment free of discrimination based on disability and fully compliant with the requirements of the ADA, including the requirement of engaging in the interactive process to identify reasonable accommodations.

## NOTICE

8.      For the duration of this Decree, Defendant shall post the Notice attached as Exhibit A in a prominent place frequented by its applicants and employees at its facilities. The Notice shall be posted in English and shall be the same type, style, and size as set forth in Exhibit A.

## ACCOMMODATIONS

9.      Within sixty (60) days of the entry of this Decree, Defendant shall instruct all employees in the Staff Development and Training department and all supervisory and managerial employees, through interoffice memoranda and through email, that they are required to consult with and seek assistance from the Regional HR Director when responding to requests and/or apparent needs for reasonable accommodations, when responding to allegations of denials of reasonable accommodations, and when responding to complaints of discrimination on the basis of disability.

10.      Defendant will not implement, reinstate, or adopt any policy or practice of categorically limiting accommodations and/or capping the monetary amount it will spend or incur to provide accommodations to qualified individuals with disabilities. This includes, but is not limited to, the elimination of Defendant's policy and/or practice of limiting accommodations to $200 for sign-language-interpreter services for hearing-impaired applicants and the elimination of any other monetary limitations imposed on accommodations for Defendant's 24-hours of required training to become a Direct Support Professional and/or Caregiver.

11. Within thirty (30) days after the entry of this decree, Defendant shall inform all employees and managers through inter-office mail and email that (1) it has eliminated all policies and/or practices of capping the monetary amount of accommodations it will provide to qualified individuals with disabilities, and (2) it has eliminated the policy and/or practice of limiting accommodations to $200 for sign-language-interpreter services

12.     Defendant shall provide reasonable accommodations, including, but not limited to, sign language interpreters, to all applicants with disabilities who are required to complete any orientations or trainings, including but not limited to Defendant's 24 hours of required training to become a Direct Support Professional and/or Caregiver.  As part of this requirement, Defendant shall provide alternative arrangements for applicants with disabilities to complete the 24-hour training to become a Direct Support Professional or Caregiver if, because of their disabilities and/or need for accommodation, they are unable to do so within a group setting and/or within four, six-hour training sessions. Defendant shall also provide a handout (attached as Exhibit B) during all applicant orientations and trainings explaining applicants' rights to request a reasonable accommodation under the ADA and providing information about how to request an accommodation during the application and hiring process.

## POLICIES/PROCEDURES

13.     Within sixty (60) days of the entry of this Decree, Defendant shall develop written policies, or revise existing policies, concerning discrimination on the basis of disability to conform with the law, and shall submit copies of the policies to the Regional Attorney of the Phoenix District Office of the EEOC at the address provided in paragraph three above.  The written policies must include at a minimum:

A.     A strong and clear commitment to a workplace free of discrimination based on disability.

B.     A statement that all applicants with disabilities may request a reasonable accommodation.

C.    A clear and easy procedure for applicants to follow

when requesting accommodations. The procedure shall provide more than one

option for applicants to request accommodations, including but not limited to the

following:

(1) providing applicants the Director of Operations/General Manager's

contact information (including telephone number and email address) in

order to request accommodations, to report denials of accommodations, or

to report discrimination on the basis of disability, and

(2) allowing applicants to request an accommodation from any employee of

Defendant's who is involved in the hiring process, including but not limited

to managers.

D.    A clear procedure for supervisory, management and Staff

Development and Training employees to follow when receiving requests for

accommodation and attempting to obtain approval of requests for accommodation.

Under this procedure, these employees and managers shall be required to seek

assistance from the Director of Operations/General Manager when responding to

requests and/or apparent needs for reasonable accommodations, as set forth under

paragraph 12.

E.    A mandatory obligation that Defendant must engage in the

interactive process with applicants who request an accommodation and/or have an

apparent need for accommodation.  Defendant shall individually assess the needs

of each applicant during the interactive process and shall maintain flexibility in

providing reasonable accommodations.

F.      A requirement that Defendant shall protect the confidentiality of all information regarding employees' and applicants' medical information and requests for accommodation to the extent possible and will not share  information relating to complaints of disability discrimination (including failure to provide reasonable accommodations), and retaliation unnecessarily in conformance with the National Labor Relations Act. Nothing herein precludes Defendant from disclosing such information in any legal, equitable, legislative, or regulatory proceeding.

G.      A requirement that Defendant shall respond to reasonable accommodation requests promptly, fairly, reasonably, and effectively.

H.      A requirement that, upon receiving a request for accommodation or becoming aware of an apparent need for reasonable accommodation, Defendant shall:

(1) document the date and time when the request for accommodation was received or the date and time when Defendant became aware of the apparent need for accommodation, and

(2) document in detail the applicant's need for reasonable accommodation, the nature of the request for reasonable accommodation, every step taken during the interactive process, all efforts made by Defendant to provide a reasonable accommodation, and Defendant's response to the request for accommodation.

I. A strong and clear statement advising persons who believe they have been discriminated against on the basis of disability to come forward.

J. A description of the disciplinary consequences, up to and including termination, that may be imposed upon violators of the policy.

K. An assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other applicants have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations.

14. The policies described in paragraph thirteen shall be distributed to all of Defendant's employees within ninety (90) days of the entry of this Decree.

## TRAINING

15. For the duration of this decree, Defendant shall require all its employees located in Arizona (as well as any other employee with human resources responsibilities for its Arizona locations) to attend training regarding the ADA, reasonable accommodation, the mandatory interactive process, and Defendant's policies regarding these items (as described in paragraph thirteen). Regional HR Directors and employees who work in Human Resources or Staff Development and Training positions shall receive additional training on the requirements of the ADA, the employer's obligation to engage in the interactive process and provide reasonable accommodations in the absence of an undue burden, instructions on how to engage in the interactive process to identify a reasonable accommodation, Defendant's policies and procedures regarding these topics (as set forth in paragraph thirteen), and their respective roles in implementing and

following those policies and procedures. Each training session shall include time for questions and answers. The length and content of the training shall comport with subsections (A), (B), and (C) below.

A. REGIONAL HR DIRECTOR TRAINING: Defendant shall ensure that the Regional HR Director attends at least two (2) hours of live, in-person training on the topics set forth above. The Regional HR Director shall also attend the trainings set forth in subsections (B) and (C) of this paragraph.

B. EMPLOYEES WHO WORK IN HUMAN RESOURCES OR STAFF DEVELOPMENT AND TRAINING POSITIONS: Defendant shall ensure that all individuals who work in a human resources and/or staff development and training positions receive at least 1 (1) hours of live, in-person on the topics set forth above. These individuals shall also attend the training set forth in subsection (C) of this paragraph.

C. ALL EMPLOYEES: Defendant shall ensure that all of its employees, supervisors, officers, directors, and human resources and staff development/training personnel attend at least one (1) hours of live, in-person training (or view a recording of a live seminar). In addition to the topics set forth above, this training shall review and explain all aspects of the ADA and Defendant's related policies, including but not limited to nondiscrimination in hiring, Defendant's procedures to request and provide reasonable accommodations to applicants, the rights and responsibilities of applicants and employers during the interactive process, awareness of issues affecting applicants with disabilities,

common accommodations for hearing-impaired individuals, and evaluating whether accommodations are effective at addressing the needs of applicants with disabilities.

16. Defendant shall ensure that the training sessions required under paragraph fifteen take place within six months of the entry of this Decree and at least annually thereafter. New employees shall complete the initial training required under paragraph fifteen within sixty (60) days of their hire.

17. Defendant shall require all its employees to register when they attend a training seminar required by paragraph fifteen and shall retain all such registries of attendance for the duration of this Decree.

18. All trainings conducted pursuant to paragraph fifteen shall be facilitated by a vendor or vendors not affiliated with Defendant, and Defendant shall obtain the EEOC's approval of the consultants/lecturers it selects to provide the training described below. At least sixty (60) days prior to each proposed training seminar, Defendant shall submit the name(s), address(es), telephone number(s), and resume(s) of the proposed consultant/lecturer(s), along with the dates of the proposed training seminar(s) and an outline of the contents of the training, to the Regional Attorney of the Phoenix District Office of the EEOC, at the address provided in paragraph three above. The Commission shall have thirty (30) days from the date of receipt of the information described above to accept or reject the proposed consultant/lecturer(s). The Commission shall also have the right to designate Commission representatives to attend and fully participate in any and all of the training sessions required under paragraph fifteen.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

19.     Defendant shall report in writing to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in paragraph three above, beginning six months from the date of the entry of this Decree, and thereafter every year for the duration of the Decree, the following information:

A.     A copy of the revised policies and procedures required in paragraphs nine through thirteen of this Decree.

B.     Any changes, modifications, revocations, or revisions to its policies and procedures described in paragraphs nine through thirteen above which concern or affect the subjects of unlawful discrimination based on disability.

C.     Verification that Defendant has implemented the accommodations practices and procedures set forth in paragraphs nine through twelve.

D.     The name, address, position, social security number, and telephone number of any individual who has brought allegations, whether formal or informal, of discrimination on the basis of disability and/or denial of reasonable accommodations against Defendant's personnel including, but not limited to, management officials and/or non-management employees, during the first six months, and thereafter every year, preceding the report to the EEOC. Defendant shall also state the nature of the complaint, investigatory efforts made by Defendant, and corrective action taken, if any.

E.     The registries of persons attending the training seminars required in paragraph fifteen of this Decree and a list identifying: (1) the current Regional HR Director employed by Defendant and the hours of training completed; (2) the current

Human Resources and Staff Development and Training personnel employed by Defendant and the hours of training they completed, and (3) all current employees of Defendant on the days of the seminar training sessions described in paragraph fifteen (C) above.

       F.      Confirmation that (1) the Notice required in paragraph eight of this Decree was posted in English, and the locations where it was posted; (2) the policies required in paragraph thirteen was distributed to each current and new employee of Defendant, and posted; and (3) that Exhibit B has been added to the materials provided to applicants.

       20.     The Commission, upon reasonable notice and agreement, shall have the right to enter and inspect Defendant's premises and work sites to ensure compliance with this Decree.

## COSTS AND DURATION

       21.     Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

       22.     The duration of this Decree shall be two (2) years from its entry.  This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree.  Should the Court determine that Defendant has not complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

23.   Absent extension, this Decree shall expire by its own terms at the end of two (2) years from the date of entry without further action by the Parties.

24.   The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

SO ORDERED.

Dated this ___ day of ____ 2013.

_____
United States District Judge David A. Ezra

APPROVED AND CONSENTED TO THIS

ELEVENTH DAY OF SEPTEMBER:

FOR DEFENDANT:

_____
James L. Blair, Esq.

_____
N. Todd McKay, Esq.
Renaud Cook Drury Mesaros, P.A.
Phelps Dodge Tower
One North Central Ave., Suite 900
Phoenix, AZ 85004-4417
Attorneys for Defendants

_____
Megan Neal, DIRECTOR OF
OPERATIONS/ GENERAL
MANAGER
Creative Networks, L.L.C.
Phoenix, Arizona 85012
85027

FOR THE EEOC:

_____
MARY JO O'NEILL
Regional Attorney

_____
ANDREA G. BARAN
Supervisory Trial Attorney

_____
HILLARY K. WALDERRAMA
Trial Attorney

_____
CHRISTOPHER HOUK
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690

- 14 -

# EXHIBIT A

# NOTICE TO ALL EMPLOYEES OF
# CREATIVE NETWORKS L.L.C.

It is unlawful under federal law, Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq., as amended ("the ADA"), and state law to discriminate against an employee on the basis of disability, including failing to provide a reasonable accommodation or otherwise discriminating against applicants or employees with disabilities in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training for applicants and employees, and other terms and conditions of employment. Discrimination under the ADA includes denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, based on the need to make reasonable accommodations for the disabled employee or applicant. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Creative Networks shall not discriminate against any employee on the basis of disability, including failure to provide a reasonable accommodation, and shall not retaliate against any applicant or employee for complaining about discrimination.

If you believe you have been discriminated against or denied a reasonable accommodation, you have the right to seek assistance from:

    (1)    EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012
            Telephone: (602) 640-5000
            TTY: (602) 640-5072
            Website (national): www.eeoc.gov; or

    (2)    Arizona Civil Rights Division ("ACRD") of the Attorney General's Office
            1275 W. Washington, Phoenix, Arizona, 85007
            Telephone: (602) 542-5263
            TDD: (602) 542-5002
            Toll Free: (877) 491-5742
            Toll Free TDD: (877) 624-8090

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against, retaliated against or denied a reasonable accommodation.

<u>No Retaliation Clause</u>. It is against the law for any action to be taken against you by any supervisory or management official of Creative Networks for: (1) opposing disability discrimination, a failure to reasonably accommodate, or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under the ADA. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD at the addresses or telephone numbers listed above.

# EXHIBIT B

# NOTICE TO APPLICANTS ABOUT AVAILABILITY OF REASONABLE ACCOMMODATIONS

Under federal law, the Americans with Disabilities Act of 1990, as amended in 2008, employers (such as Creative Networks) must provide reasonable accommodations for applicants with disabilities who need them to apply for a job or to work. "Reasonable accommodations" can include sign language interpretation for orientation and training, as well as other accommodations.

If you require an interpreter or any other accommodation due to your disability at any time, please request the accommodation from any Creative Networks employee. You may also request an accommodation from Creative Networks' Director of Operations/General Manager, Megan Neal, by telephone at (623) 780-0053 or by email at mneal@rescare.com. Creative Networks is strongly committed to individually assessing the needs of each applicant and maintaining flexibility in providing reasonable accommodations.

906725_1